**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FRANCISCA PALOMINO GUTIERREZ;
PEDRO CEDILLO RODRIGUEZ;
ANGELICA ALDANA ESPARZA;
RAFAEL SALDANA TREJO; MARIA
REYES RESENDIZ MIRANDA;
RODRIGUEZ HERNANDEZ TOMAS;
FELIPA GONZALEZ CORONADO; and
MARIA DEL SOCORRO LIERIO
HERNANDEZ,
            *Plaintiffs-Appellants,*

              v.

ADVANCED MEDICAL OPTICS, INC., a
Delaware corporation,
            *Defendant-Appellee.*

No. 09-55860

D.C. No.
8:08-cv-01130-
DOC-AN

OPINION

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted
November 4, 2010—Pasadena, California

Filed April 7, 2011

Before: Johnnie B. Rawlinson and Milan D. Smith, Jr.,
Circuit Judges, and Robert C. Jones, District Judge.*

Opinion by Judge Milan D. Smith, Jr.;
Partial Concurrence and Partial Dissent by Judge Rawlinson

*The Honorable Robert C. Jones, United States District Judge for the
District of Nevada, sitting by designation.

4729

---

**COUNSEL**

Edward C. Snyder and Jesse R. Castillo, Castillo Snyder, P.C., Attorneys for plaintiffs-appellants Francisca Palomino Gutierrez, et al.

Richard H. Nakamura, Jr., Maureen M. Home, Marilyn Muir Jager, and Wendi J. Frisch, Morris Polich & Purdy, LLP, Attorneys for defendant-appellee Advance Medical Optics, Inc.

---

**OPINION**

M. SMITH, Circuit Judge:

Plaintiffs appeal the district court's dismissal of their complaint on *forum non conveniens* grounds. Plaintiffs, who were grievously injured when they developed eye infections after surgery in Mexico, initially brought suit against Defendant-Appellee Advanced Medical Optics, Inc. (Defendant) in the Central District of California. Defendant moved to dismiss the lawsuit, arguing that Mexico was an adequate alternative forum, and that both public and private interests weighed in favor of dismissal. The district court agreed, and dismissed the case without placing any conditions on the dismissal. The district court also denied Plaintiffs' motion for reconsideration of its dismissal order.

Plaintiffs appealed to our court, but contemporaneously filed an action in Mexico. During the pendency of Plaintiffs'

appeal, the Mexican courts declined to exercise jurisdiction over Plaintiffs' suit filed there. Plaintiffs argue that the district court erred in finding that Mexico was an available alternative forum and by not placing conditions on the dismissal of the case.

While we conclude that, based on the evidence before it at the time, the district court did not err in its initial *forum non conveniens* analysis, intervening events compel a reconsideration of its ruling. We therefore vacate and remand to the district court.

## BACKGROUND, PRIOR PROCEEDINGS, AND JURISDICTION

For purposes of this appeal, we accept as true the facts alleged in the complaint. *See Cariajano v. Occidental Petroleum Corp.*, 626 F.3d 1137, 1142 (9th Cir. 2010) (citing *Vivendi SA v. T-Mobile USA, Inc.*, 586 F.3d 689, 691 n.3 (9th Cir. 2009).

Plaintiffs are elderly residents of Monterrey, Nuevo Leon, Mexico, who each suffered grievous injuries in October 2007 after undergoing eye surgery in that Mexican state. Specifically, between October 11, 2007, and October 16, 2007, each of the eight Plaintiffs had cataract surgery performed on one eye by a Mexican surgeon with twenty-five years of experience and a specialization in cataract surgery. Within hours after completion of their surgeries, each Plaintiff contracted a severe case of bacterial endophthalmitis, and suffered severe pain in the affected eye. Plaintiffs further suffered symptoms of red eyes filled with runny puss, fevers, nausea, and vomiting. Plaintiffs were treated at local hospitals for their injuries, some for several weeks. Ultimately, physicians were compelled to remove the infected eye of three of the Plaintiffs, and the other five went completely blind in the affected eye.

Plaintiffs allege that their injuries were caused by Defendant's defective Healon viscoelastic product, which was used

in all of the eye surgeries. Defendant manufactured, or sub-contracted manufacture of, the Healon product used in each of the surgeries. After the Plaintiffs' surgical complications occurred, unopened batches of Defendant's Healon product were tested and found to be infected with a virulent strain of bacteria that causes endophthalmitis.

Plaintiffs initially filed suit against Defendant in the Central District of California. Defendant's[1] corporate headquarters and its principal place of business are located in Santa Ana, California. Defendant does not have a place of business, nor is it domiciled, in Mexico. The district court dismissed this case on *forum non conveniens* grounds on April 2, 2009, finding that Mexico was an available and adequate forum because Defendant agreed to submit to the jurisdiction of the Mexican courts. The district court's order of dismissal did not include conditions or a "return-jurisdiction" clause to become effective in the event Mexico's courts declined jurisdiction.

Plaintiffs filed this appeal on June 5, 2009. On June 22, 2009, Plaintiffs commenced litigation against Defendant in the Mexican federal district court in Nuevo Leon, Mexico. The parties do not dispute that during the pendency of this appeal, the Mexican Federal District Court dismissed the Plaintiffs' case for lack of jurisdiction. That dismissal was affirmed by the Mexican Federal Court of Appeals. Plaintiffs then filed a federal constitutional challenge in Mexico before the Amparo court, which also affirmed the Mexican Federal District Court's dismissal of the case on November 12, 2009. The parties dispute the reasons for the Mexican courts' dismissal of the Plaintiffs' complaint filed there.[2]

---

[1]Defendant is now known as Abbot Medical Optics, Inc.

[2]Because there is an issue of fact as to why the Mexican courts did not have jurisdiction and dismissed the case, we previously declined to take judicial notice of the opinions of the Mexican courts.

We have jurisdiction pursuant to 28 U.S.C. § 1291. The district court's dismissal of this case on *forum non conveniens* grounds is reviewed for an abuse of discretion. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001).

## DISCUSSION

A district court has discretion to decline to exercise jurisdiction by invoking the doctrine of *forum non conveniens* in a case where litigation in a foreign forum would be more convenient for the parties. *Lueck*, 236 F.3d at 1142. However, the doctrine of *forum non conveniens* is "an exceptional tool to be employed sparingly." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002) (internal quotation marks omitted). Before invoking the doctrine of *forum non conveniens* to dismiss a case, a district court must examine: (1) whether an adequate alternative forum exists, and (2) whether the balance of private and public interest factors favors dismissal. *Piper Aircraft*, 454 U.S. at 254 n.22*; Lueck*, 236 F.3d at 1142. "The defendant bears the burden of proving the existence of an adequate alternative forum." *Lueck*, 236 F.3d at 1142 (quoting *Cheng v. Boeing Co.*, 708 F.2d 1406, 1411 (9th Cir. 1983)).

## I.   Mexico's Availability as an Alternative Forum

**[1]** Before the doctrine of *forum non conveniens* may be applied to dismiss a case, a district court must first determine whether an adequate alternative forum is available to the plaintiff. *Lueck*, 236 F.3d at 1143. An alternative forum is adequate if the intended forum is capable of "provid[ing] the plaintiff with a sufficient remedy for his wrong." *Dole Food*, 303 F.3d at 1118. "An alternative forum ordinarily exists when defendants are amenable to service of process in the foreign forum" and " 'when the entire case and all parties can come within the jurisdiction of that forum.' " *Id.* (emphasis omitted) (quoting *Alpine View Co. v. Atlas Copco*, 205 F.3d 208, 221 (5th Cir. 2000)). Plaintiffs do not challenge the ade-

quacy of Mexico as an alternative forum if it takes jurisdiction; rather, they argue that the district court erred in finding Mexico was an available forum.

Plaintiffs argue that the District Court erred because it shifted the burden of proof on the availability of an alternative forum to them. Plaintiffs further contend that the district court erred in granting the motion to dismiss when experts disagreed as to whether Mexico would have jurisdiction over the case. We disagree and do not fault the district court's initial *forum non conveniens* analysis.

Here, the district court considered the expert opinions presented by both sides in determining that Mexico was an available forum. Defendant presented evidence through its expert that Mexican courts would have jurisdiction of the case if Defendant agreed to submit to its forum. Defendant's expert opined that "the Mexican court in Nuevo Leon would have jurisdiction over this lawsuit under the express submission doctrine."

**[2]** Additionally, Plaintiffs' expert on Mexican law stated that parties could agree to submit to jurisdiction. According to Plaintiffs' expert: "As a general rule, especially in all kinds of contracts, the parties will be allowed to agree to designate a forum for the resolution of disputes but both parties have to fully agree on such jurisdiction clause." Plaintiffs' expert qualified his opinion by stating that it is not enough for one party to submit to jurisdiction in Mexico; rather, both parties must consent. Based on the evidence presented to the district court, it appeared that Plaintiffs would be asserting their claims and that Defendant had expressly agreed to submit to Mexican jurisdiction. Ordinarily, to show an available forum, all that is required is that the defendant is amenable to service of process in the foreign jurisdiction. *See Piper Aircraft*, 454 U.S. at 254 n.22. Accordingly, we find that the district court reasonably concluded that Mexico was an available alternative forum.

Normally, the trial court's decision, in the absence of other facts, merits substantial deference. *See Lueck*, 236 F.3d at 1143 ("[W]here the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." (quoting *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 699 (9th Cir. 1995))). However, while "this case looks like an easy candidate for a straightforward affirmance" of the district court's *forum non conveniens* analysis, *In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 705 (7th Cir. 2005), we cannot ignore the procedural history of this case in Mexico after the district court rendered its decision.

**[3]** At its core, the doctrine of *forum non conveniens* is concerned with fairness to the parties. *See, e.g., Piper Aircraft*, 454 U.S. at 255. We are therefore compelled to address the fact that Mexico has declined to accept jurisdiction. Chief Justice John Marshall proclaimed the judicial objective "that every right, when withheld, must have a remedy, and every injury its proper redress." *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 163 (1803) (internal quotation marks omitted); *see also Piper Aircraft*, 454 U.S. at 254 n. 22 (explaining that "where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative"). Here, to simply affirm the district court without acknowledging that Plaintiffs do not have a forum in which to bring their case would, apparently, be to leave their horrific injuries wholly unredressed. As the Seventh Circuit stated in similar circumstances, "[i]t would be unfair . . . to pretend that nothing had occurred at all, particularly because the district court's assumption about the availability of a Mexican forum might, in the end, prove to be erroneous." *In re Bridgestone/Firestone, Inc.*, 420 F.3d at 706.

We note that we are not the first circuit to address unusual circumstances in which affirming a *forum non conveniens* dismissal would have potentially left plaintiffs without a forum. In *Bridgestone/Firestone*, the district court dismissed a case

involving a Mexican resident who was injured when his vehicle rolled over in Veracruz, Mexico. *Id*. at 703. While on appeal to the Seventh Circuit, the Mexican courts ruled that Mexico did not have personal jurisdiction over Ford and Bridgestone/Firestone because, like Defendant here, they were not domiciled in Mexico. *Id*. at 705. The Seventh Circuit held that while it could not fault the district court's *forum non conveniens* analysis, it was appropriate to send the matter back to the district court for additional findings about whether the plaintiffs had abused the Mexican process by not indicating defendants' willingness to submit to Mexico's jurisdiction or whether it was truly an unavailable forum. *Id*. at 706-07.

Similarly, other circuits have held that substantial changes in law or politics after the district court's *forum non conveniens* analysis may warrant revisiting its decision. In *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 172 (2d Cir. 2009), the Second Circuit noted that after the plaintiffs appealed the district court's dismissal on *forum non conveniens* grounds, "tectonic change . . . altered the relevant political landscape," which included the government of the foreign jurisdiction bringing charges against the defendant. As a result, the defendant no longer sought a foreign venue. *Id*. at 189. The court concluded that the matter was properly remanded for the district court to revisit its analysis. *Id*.; *see also Bank of Credit & Commerce Int'l (OVERSEAS) Ltd. v. State Bank of Pakistan*, 273 F.3d 241, 246-47 (2d Cir. 2001) (remanding for the district court to consider the implications of a new Pakistani law that was enacted while the plaintiff's appeal was pending).

[4] We are persuaded by the reasoning of our sister circuits, and join them in holding that when intervening developments in a foreign jurisdiction, subsequent to a district court's initial *forum non conveniens* ruling, could leave plaintiffs without an available forum in which to bring their claims, it is appropriate to remand the matter back to the district court

so it can reconsider its decision based upon updated information.

On remand, the district court should consider appropriate evidence from the parties (remaining mindful that the burden of showing the availability of an alternative forum remains with the Defendant, *Lueck*, 236 F.3d at 1143), and make findings of fact as to why the Mexican courts declined to take jurisdiction in this case. If the district court determines that the primary reason the Mexican courts declined to take jurisdiction of Plaintiffs' case was Plaintiffs' actions or inactions in the case, it retains discretion to again order dismissal, with appropriate conditions, if any.

**[5]** On the other hand, if the district court determines that the Mexican courts declined to take jurisdiction of Plaintiffs' case because Defendant is not domiciled in Mexico and cannot submit to Mexico's jurisdiction, it would be an abuse of discretion for the district court to dismiss Plaintiffs' case based on *forum non conveniens* grounds.

Because we leave it to the district court to evaluate whether the Plaintiffs "gamed" the system in Mexico, combined with the fact that the district court retains the discretion to dismiss the case if it makes such a finding, we disagree with our dissenting colleague's view that we are rewarding scofflaws, and encouraging litigants to manipulate the system. *Dissent* at 4743.

## II. Whether the District Court Erred by Not Including a Return Jurisdiction Condition

Plaintiffs' second assignment of error is that the district court did not place any conditions on its dismissal of the case. Plaintiffs argue that, because there was an evidentiary dispute as to whether Mexico was an available forum, the district court abused its discretion by failing to place any conditions or include a "return jurisdiction" clause within its *forum non*

*conveniens* dismissal order. Plaintiffs further urge us to adopt out-of-circuit authority that it is a per se abuse of discretion to not include conditions with a *forum non conveniens* dismissal. We decline to do so.

[6] We have previously held that whether a district court places conditions on a *forum non conveniens* dismissal is within the discretion of the court, under most circumstances. *Leetsch v. Freedman*, 260 F.3d 1100, 1103-04 (9th Cir. 2001). We have also declined to hold that a district court's failure to include a return jurisdiction clause in its order of dismissal is a per se abuse of discretion. For example, in *Leetsch*, the plaintiff argued that because the district court declined to impose conditions retaining jurisdiction and providing for return jurisdiction over the defendants, the district court's order should be reversed. *Id.* at 1103. Leetsch based his argument on case law from the Fifth Circuit, which held that "failure to impose a return jurisdiction clause was a per se abuse of discretion." *Id.* at 1104.

We rejected Leetsch's argument on the grounds that a bright line test of per se abuse of discretion for failing to impose a return-jurisdiction clause was "not controlling in this circuit." *Id.* We reasoned that a bright line test would "contradict[ ] the Supreme Court's observation that *forum non conveniens* determinations . . . 'need to retain flexibility.' " *Id.* (quoting *Piper Aircraft*, 454 U.S. at 249). As a three judge panel of our court, we are not at liberty to overrule existing precedent without having the matter considered en banc or a contrary ruling by the Supreme Court. *Miller v. Gammie*, 335 F.3d 889, 889-900 (9th Cir. 2003) (en banc).

However, we have also determined that the inclusion of conditions in some dismissal orders relying on the doctrine of *forum non conveniens* is appropriate. In particular, "[a] district court can be required to impose conditions if there is a justifiable reason to doubt that a party will cooperate with the foreign forum." *Leetsch*, 260 F.3d at 1104; *see also Caria-*

*jano*, 626 F.3d at 1156 (holding that the district court abused its discretion by failing to impose conditions on its dismissal as the record showed justifiable reasons to doubt defendant's full cooperation in the foreign forum). Nonetheless, as we stated in *Leetsch*, "[o]ur willingness to impose conditions in some cases . . . does not create an inflexible requirement that a trial court must impose similar conditions across the board." 260 F.3d at 1104.

**[7]** Here, Defendant agreed in the district court to submit to the jurisdiction of the Mexican court. Defendant provided expert testimony that in Mexico, a defendant can submit to jurisdiction in any Mexican court of law. In addition, Plaintiffs' expert also opined that under Mexican law, a foreign national defendant can agree to jurisdiction in Mexico, and thereby provide jurisdiction to a court in Mexico. Thus, the evidence before the District Court did not create a justifiable doubt that Defendant would not cooperate with a foreign forum. *See Leetsch*, 260 F.3d at 1104.

**[8]** On remand, if, within the limitations of this opinion, the district court again dismisses the case, in light of new evidence before it, it retains discretion to reconsider its decision to not impose conditions or a return-jurisdiction clause in its order of dismissal.

## CONCLUSION

For the foregoing reasons, we reject Plaintiffs' arguments that the district court abused its discretion by granting Defendant's motion to dismiss Plaintiffs' case on *forum non conveniens* grounds, based on the evidence before it at the time, and by not imposing return conditions. We nonetheless recognize that subsequent changes in the factual circumstances previously considered by the district court compel a new *forum non conveniens* analysis based upon those new facts. We therefore vacate the district court's dismissal and remand the case to the

district court for further proceedings consistent with this opinion.

**VACATED AND REMANDED**.

---

RAWLINSON, Circuit Judge, concurring in part and dissenting in part:

I agree with my colleagues in the majority that the dismissal of this case on *forum non conveniens* grounds is reviewed for an abuse of discretion. I also agree that the district court acted within its discretion when it granted the Defendant's motion to dismiss. Nevertheless, the majority goes further and holds that the district court must now reconsider its admittedly correct ruling. I expressly decline to join that portion of the majority opinion. I am not convinced that we "are therefore compelled to address the fact that Mexico has declined to accept jurisdiction." *Majority Opinion*, p. 4737. Indeed, the fact that a court in Mexico declined to accept jurisdiction says nothing about whether Mexico was an alternative forum for Plaintiffs' lawsuit. Indeed, courts in this country routinely dismiss cases due to a lack of jurisdiction for a variety of reasons. *See e.g.*, *Sackett v. U.S. E.P.A.*, 622 F.3d 1139, 1147 (9th Cir. 2010) (dismissing case for lack of subject matter jurisdiction); *Kelly v. Fleetwood Enter., Inc.*, 377 F.3d 1034, 1039-40 (9th Cir. 2004), *as amended* (dismissing case for failure to meet the amount in controversy); *Sapp v. Kimbrell*, 623 F.3d 813, 828 (9th Cir. 2010) (dismissing case for failure to exhaust administrative remedies); *Marley v. United States*, 567 F.3d 1030, 1038 (9th Cir. 2009), *as amended* (dismissing case for failure to file the action within the applicable period of limitations). I doubt that anyone would interpret those rulings as determinations that those courts were not available to the Plaintiffs. Indeed, our precedent is to the contrary. *See e.g.*, *Hensley v. United States*, 531 F.3d 1052, 1056-58 (9th Cir. 2008) (lamenting that the statute

of limitations "makes it impossible to enforce what was otherwise a valid claim.").

Unlike the majority, I am not persuaded that the reasoning of *In re Bridgestone/Firestone, Inc*., 420 F.3d 702 (7th Cir. 2005) should be followed.

In the *Bridgestone* case, the Seventh Circuit remanded the case to the district court after the Plaintiffs informed the appellate court that the Mexican court declined to assume jurisdiction. *See id*. at 706. As in this case, significant questions were raised regarding the actions of the plaintiffs in the Mexican courts that contributed to the determination of a lack of jurisdiction. *See id*. Notably, the Seventh Circuit did not state that any precedent compelled a remand. Rather, the Court remanded because it "believe[d] it prudent" to do so. *Id*. I disagree that it is prudent to remand a case where the remand essentially rewards a party who has sought remand on a cloudy record before a tribunal outside this country. If we follow the Seventh Circuit's example, we will simply encourage litigants to manipulate the legal system to procure a more favorable forum.

The only authority cited by the Seventh Circuit was *Bank of Credit and Commerce Int'l (OVERSEAS) Ltd. v. State Bank of Pakistan*, 273 F.3d 241, 246-47 (2d Cir. 2001). *See id*. at 706-07. However, that case presented a totally different set of facts. *In Bank of Credit and Commerce*, the district court relied on the Pakistani Banking Act to support its finding that an alternative forum existed. *See* 273 F.3d at 246. After the Second Circuit was made aware that the Banking Act had been repealed, it remanded the *forum non conveniens* determination to the district court for further consideration. *See id*. at 246-47. The Second Circuit's remand was predicated on the occurrence of an objectively verifiable event, the repeal of a statute. In contrast, the circumstances the Seventh Circuit considered and those we confront would require a trial to sort out

the degree to which the plaintiffs manipulated the legal system in Mexico to precipitate a dismissal.

There is no dispute that the district court's decision dismissing the case was correct. There is considerable dispute regarding whether the dismissal in Mexico resulted from plaintiffs' shenanigans. I see no reason to disturb the district court's correct resolution of this case in view of the murky basis for the requested remand, especially considering our extremely narrow review of *forum non conveniens* determinations. *See Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 664 (9th Cir. 2009) ("[T]he *forum non conveniens* determination is committed to the sound discretion of the trial court and may be reversed only when there has been a clear abuse of discretion.") (citation and parentheses omitted).

In the nearly six years since *In re Bridgestone* was decided, no other court has followed its lead. We should not be the first. Rather, we should affirm the district court's decision that no one challenges as incorrect. Because the majority opinion, in my view, goes astray by following the Seventh Circuit's ruling, I respectfully dissent.