**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURO GONZALEZ MORENO, | No. 09-55672 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-07981-ABC-JC |
| v. | |
| OMNILIFE USA, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted May 9, 2012
Pasadena, California

Before: NOONAN and FISHER, Circuit Judges, and GRITZNER, Chief District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James E. Gritzner, Chief United States District Judge
for the Southern District of Iowa, sitting by designation.

Lauro Gonzalez Moreno appeals from the district court's order dismissing on *forum non conveniens* grounds his case against Omnilife USA, Inc. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Moreno brought this lawsuit in California state court against Omnilife USA, several related Mexican corporations, and Omnilife USA's owner for claims arising out of a breach of an employment agreement. Omnilife USA removed this action to the United States District Court for the Central District of California based on diversity of citizenship jurisdiction. Shortly after filing this lawsuit, Moreno filed an action before a Mexican special arbitration board asserting claims under Mexican law arising out of the same events that led to this lawsuit. This lawsuit proceeded in district court but was ultimately dismissed on *forum non conveniens* grounds. The district court found that Mexico provided an adequate alternative forum and that the balance of private and public interest factors weighed in favor of dismissal. As of the date of dismissal, Moreno had only been able to serve Omnilife USA. This appeal followed.

During the pendency of this appeal, the Mexican special arbitration board dismissed Moreno's case for lack of jurisdiction, finding that Moreno did not meet the requirements imposed by Mexican law when an employee is to provide services abroad. However, on direct constitutional appeal of that decision, a

Mexican appellate court reversed the special arbitration board's dismissal and directed the special arbitration board to consider the merits of Moreno's claims.[1]

On appeal, Moreno challenges the district court's finding that Mexico is an adequate alternative forum. "We review the district court's order dismissing the lawsuit on the basis of *forum non conveniens* for an abuse of discretion." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011).

The requirement for an adequate alternative forum is usually satisfied if a defendant is amenable to process in the foreign jurisdiction. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981). "In rare circumstances, however, where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative, and the initial requirement may not be satisfied." *Id.* One of these rare circumstances would be "where the alternative forum does not permit litigation of the subject matter of the dispute." *Id.* Omnilife USA presented undisputed evidence that Mexico would have jurisdiction over and would provide a remedy for claims like Moreno's. The district court also found that Moreno himself considered Mexico to be an adequate alternative forum because Moreno voluntarily chose to file suit there. Therefore, the district court

---

[1] Moreno's Motion Requesting Judicial Notice filed June 17, 2010 (ECF No. 18) and Omnilife USA's Motion for Judicial Notice filed November 8, 2011 (ECF No. 53) regarding tribunal proceedings in Mexico are both **granted**.

did not abuse its discretion in concluding that Mexico is an adequate alternative forum.

Moreno argues, however, that subsequent developments in his action in Mexico require reversal of the *forum non conveniens* dismissal. In *Gutierrez v. Advanced Medical Optics, Inc.*, 640 F.3d 1025, 1031 (9th Cir. 2011), we held

> that when intervening developments in a foreign jurisdiction, subsequent to a district court's initial *forum non conveniens* ruling, could leave plaintiffs without an available forum in which to bring their claims, it is appropriate to remand the matter back to the district court so it can reconsider its decision based upon updated information.

In *Gutierrez*, while the appeal of the *forum non conveniens* dismissal was pending before this court, the plaintiff commenced litigation in a foreign court, which dismissed for lack of jurisdiction. *Id.* at 1028. We found remand appropriate because the intervening developments in the foreign jurisdiction—the foreign court declining to exercise jurisdiction over the plaintiffs' cases—left the plaintiffs without an available forum. *Id.* at 1031.

At oral argument in the present case, Moreno admitted that his action in Mexico is moving forward but asserted that some, but not all, of the defendants in the Mexican action were now challenging service of process. Even if this challenge to service, which is not in the record, were successful, Moreno would still be able to pursue his claims against the remaining defendants, and Moreno has

4

made no showing that the absence of any of the defendants who are allegedly challenging service would impact his remedy. Therefore, this case is readily distinguishable from *Gutierrez*. Because Mexico is still an available forum and Moreno is actively pursuing his claims there, remand is inappropriate.

Moreno also challenges the timeliness of Omnilife USA's motion to dismiss. Omnilife USA filed its motion to dismiss the day before the motion cutoff date and more than one year after Moreno filed his action in Mexico. Citing no binding authority, Moreno argues that the delay in filing the motion was unreasonable and should result in a waiver. During this time, however, Moreno did not engage in motion practice or propound any discovery, and Moreno was actively litigating his claims in Mexico. Assuming without deciding that waiver of a right to bring a motion to dismiss for *forum non conveniens* could occur, we are satisfied that under the facts of this case no such waiver occurred.

**AFFIRMED.**