**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ELENA CELLA FORTANER, Personal Representative of the Estate of Maria Del Carmen Fortaner Nou, Deceased; et al.,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>THE BOEING COMPANY; et al.,<br><br>        Defendants - Appellees. | No. 11-55951<br><br>D.C. No. 2:10-cv-01149-GAF-RZ<br><br>MEMORANDUM[*] |
| ANTONIO GARCIA MARTIN, As Special Administrator of the Estate of Laudencio Garcio Martin, Deceased, As Special Administrator of the Estate of Elena Garcia Hernandez, Deceased, and As Special Administrator of the Estate of Carlos Garcia Hernandez, Deceased,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>THE BOEING COMPANY; et al.,<br><br>        Defendants - Appellees. | No. 11-55952<br><br>D.C. No. 2:10-cv-01150-GAF-RZ |

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| KIM IVONNE TATE PEREZ, Individually; et al., | No. 11-55959 |
| | D.C. No. 2:09-cv-07285-GAF-RZ |
| Plaintiffs - Appellants, | |
| v. | |
| THE BOEING COMPANY; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| ANA MARIA SANCHEZ DIEZ, Individullay and as Personal Representative of the Estate of Betsabe Ibanez Sanchez, decedent; et al., | No. 11-55960 |
| | D.C. No. 2:10-cv-01148-GAF-RZ |
| Plaintiffs - Appellants, | |
| v. | |
| THE BOEING COMPANY; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| VIRGINIA PINO HERNANDEZ MARTIN, Individually and as Representative of the Estate of Zenaida Hernandez Martin, Deceased; et al., | No. 11-55961 |
| | D.C. No. 8:10-cv-01262-GAF-RZ |
| Plaintiffs - Appellants, | |
| v. | |
| THE BOEING COMPANY; et al., | |

Defendants - Appellees.

CARMELO ALVARADO CASTRO, as personal representative of the estate of Robert Alvarado Coruna and AVELINA CORUNA DIAZ, as co-personal representative of the estate of Robert Alvarado Coruna,

        Plaintiffs - Appellants,

  v.

MCDONNELL DOUGLAS CORPORATION; et al.,

        Defendants - Appellees.

No. 11-55962

D.C. No. 2:10-cv-01114-GAF-RZ

MARIA LORETO GONZALEZ CABANAS, as co-personal representative of the Estate of Clara Diaz Gonzalez, deceased and JOSE LUIS DIAZ DIAZ, as co-personal representative of the Estate of Clara Diaz Gonzalez, deceased,

        Plaintiffs - Appellants,

  v.

MCDONNELL DOUGLAS CORPORATION; et al.,

        Defendants - Appellees.

No. 11-55963

D.C. No. 2:10-cv-01120-GAF-RZ

3

| | |
|---|---|
| GLORIA ESTER DIEPA MARTIN, as personal representative of the Estate of Oscar Gabriel Alvarado Diepa, deceased,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>MCDONNELL DOUGLAS CORPORATION; et al.,<br><br>Defendants - Appellees. | No. 11-55964<br><br>D.C. No. 2:10-cv-01107-GAF-RZ |
| HIGINIO IBANEZ FRACA, as personal representative of the estate of Betsabe Ibanez Sanchez, deceased,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>MCDONNELL DOUGLAS CORPORATION; et al.,<br><br>Defendants - Appellees. | No. 11-55966<br><br>D.C. No. 2:10-cv-01108-GAF-RZ |
| CARLOS BAIXERAS LLANO, as Personal Representative and Special Administrator of the Estate of MARIA DEL PINO DJAZ MENDOZA, deceased; et al.,<br><br>Plaintiffs - Appellants, | No. 11-55968<br><br>D.C. No. 2:11-cv-00576-GAF-RZ |

4

v.

THE BOEING COMPANY,

          Defendant - Appellee.

---

JUAN DIEPA HERNANDA, as co-Personal Representatives of the Estate of Monica Diepa Leon, deceased and FRANCISCA LEON RIVERA, as co-Personal Representatives of the Estate of Monica Diepa Leon, deceased,

          Plaintiffs - Appellants,

  v.

THE BOEING COMPANY; et al.,

          Defendants - Appellees.

No. 11-55969

D.C. No. 2:10-cv-01115-GAF-RZ

---

GLORIA ESTER DIEPA MARTIN, as personal representative of the estate of Roberto Alexander Alvarado Diepa, deceased,

          Plaintiff - Appellant,

  v.

MCDONNELL DOUGLAS CORPORATION; et al.,

          Defendants - Appellees.

No. 11-55971

D.C. No. 2:10-cv-01106-GAF-RZ

5

| | |
|---|---|
| GLORIA ESTER DIEPA MARTIN, as personal representative of the estate of Roberto Alexander Alvarado Diepa, deceased, | No. 11-55971 |
| | D.C. No. 2:10-cv-01106-GAF-RZ |
| Plaintiff - Appellant, | |
| v. | |
| MCDONNELL DOUGLAS CORPORATION; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| MARIA DOLORES FLOREZ RODRIGUEZ, as personal representative of the estate of Maria Lourdes Romero Florez, deceased, | No. 11-55972 |
| | D.C. No. 2:10-cv-01116-GAF-RZ |
| Plaintiff - Appellant, | |
| v. | |
| MCDONNELL DOUGLAS CORPORATION; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| SONIA MARIA CASTILLO MARTINEZ, as personal representative of the Estate of Maria Sonia Rodriguez Del | No. 11-55973 |
| | D.C. No. 2:10-cv-01117-GAF-RZ |

6

Castillo, deceased,

Plaintiff - Appellant,

v.

MCDONNELL DOUGLAS
CORPORATION; et al.,

Defendants - Appellees.

JOSEFA ORTIZ PEREA, as personal
representative of the estate of Maria
Cristian Domiguez Ortiz, deceased,

Plaintiff - Appellant,

v.

MCDONNELL DOUGLAS
CORPORATION; et al.,

Defendants - Appellees.

No. 11-55974

D.C. No. 2:10-cv-01113-GAF-RZ

MARIA DEL CARMEN HERNANDEZ,
Personal Representative of the Estate of
Ruben Santan Mateo, deceased,

Plaintiff - Appellant,

v.

MCDONNELL DOUGLAS
CORPORATION; et al.,

No. 11-55976

D.C. No. 2:10-cv-01101-GAF-RZ

7

Defendants - Appellees.

EUGENIO NUNEZ PAVILLARD, as personal representative of the Estate of Jorge Nunez Piretti, deceased,

Plaintiff - Appellant,

v.

MCDONNELL DOUGLAS CORPORATION; et al.,

Defendants - Appellees.

No. 11-55977

D.C. No. 2:10-cv-01110-GAF-RZ

SHIRLEY MANI, as Personal Representative of the Estate of Mukesh Bacho Mani, deceased,

Plaintiff - Appellant,

v.

MCDONNELL DOUGLAS CORPORATION; et al.,

Defendants - Appellees.

No. 11-55978

D.C. No. 2:10-cv-01111-GAF-RZ

JOSE JESUS PLACERES PEREZ, as Personal Representative of the Estate of Ines Placeres Perez, deceased,

No. 11-55979

D.C. No. 2:10-cv-01123-GAF-RZ

8

Plaintiff - Appellant,

v.

MCDONNELL DOUGLAS
CORPORATION; et al.,

Defendants - Appellees.

---

LEANDRO ORTEGA PENA,

No. 11-55980

Plaintiff - Appellant,

D.C. No. 2:10-cv-01104-GAF-RZ

v.

MCDONNELL DOUGLAS
CORPORATION; et al.,

Defendants - Appellees.

---

ANGEL FRANCISCO SANTA
CASTILLO, as personal representative of
the estate of Carmen Isabel Santana
Castillo, deceased,

No. 11-55981

D.C. No. 2:10-cv-01138-GAF-RZ

Plaintiff - Appellant,

v.

MCDONNELL DOUGLAS
CORPORATION; et al.,

Defendants - Appellees.

9

| | |
|---|---|
| YOLANDA VILLANUEVA MARTIN, as co-personal representative of the estate of Alejandro Villanueva Santans, deceased; et al., <br><br>      Plaintiffs - Appellants, <br><br>   v. <br><br> MCDONNELL DOUGLAS CORPORATION; et al., <br><br>      Defendants - Appellees. | No. 11-55982 <br><br> D.C. No. 2:10-cv-01139-GAF-RZ |

| | |
|---|---|
| DANIEL ESTEVEZ RUIZ, as Personal Representative of the Estates of Susana Marin Ramos, deceased, <br><br>      Plaintiff - Appellant, <br><br>   v. <br><br> MCDONNELL DOUGLAS CORPORATION; et al., <br><br>      Defendants - Appellees. | No. 11-55984 <br><br> D.C. No. 2:10-cv-01119-GAF-RZ |

| | |
|---|---|
| YOLANDA VILLANUEVA MARTIN, as co-Personal Representatives of the Estate of Dara Villanueva Santana, deceased and ANGEL FRANCISCO SANTANA CASTILLO, as co-Personal Representatives of the Estate of Dara Villanueva Santana, deceased, | No. 11-55985 <br><br> D.C. No. 2:10-cv-01140-GAF-RZ |

10

Plaintiffs - Appellants,

v.

MCDONNELL DOUGLAS
CORPORATION; et al.,

Defendants - Appellees.

---

RAFAEL MORENO PEREZ and
ANGELES CARPINTERO RUIZ,

Plaintiffs - Appellants,

v.

MCDONNELL DOUGLAS
CORPORATION; et al.,

Defendants - Appellees.

No. 11-55986

D.C. No. 2:10-cv-01127-GAF-RZ

---

CONCEPCION MARIA DE LA PAZ
SOTO LLOVES, as personal
representative of the Estate of Cecilia
Gomez Soto, deceased,

Plaintiff - Appellant,

v.

MCDONNELL DOUGLAS
CORPORATION; et al.,

Defendants - Appellees.

No. 11-55988

D.C. No. 2:10-cv-01129-GAF-RZ

11

| | |
|---|---|
| YOLANDA VILLANUEVA MARTIN, as co-Personal Representatives of the Estate of Keila Villanueva Santana, deceased and ANGEL FRANCISCO SANTANA CASTILLO, as co-Personal Representatives of the Estate of Keila Villanueva Santana, deceaased,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>MCDONNELL DOUGLAS CORPORATION; et al.,<br><br>Defendants - Appellees. | No. 11-55989<br><br>D.C. No. 2:10-cv-01142-GAF-RZ |

| | |
|---|---|
| MARIA CANDELARIA PERE MATEO, as co-Personal Representatives of the Estate of Ruben Daniel Sanchez Perez, deceased and JUAN ANDRES SANCHEZ HERNANDEZ, as co-Personal Representatives of the Estate of Ruben Daniel Sanchez Perez, deceased,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>MCDONNELL DOUGLAS CORPORATION; et al.,<br><br>Defendants - Appellees. | No. 11-55990<br><br>D.C. No. 2:10-cv-01125-GAF-RZ |

12

| | |
|---|---|
| MARIA JESUS MELIAN PEREZ, as personal representative of the estate of Araceli Yolanda Dominguez Melian, deceased, | No. 11-55991 |
| | D.C. No. 2:10-cv-01141-GAF-RZ |
| Plaintiff - Appellant, | |
| v. | |
| MCDONNELL DOUGLAS CORPORATION; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| TEREZA SUAREZ QUEBEDO, as personal representative of the estate of Jose Vicente Robaina Suarez, deceased, | No. 11-55992 |
| | D.C. No. 2:10-cv-01126-GAF-RZ |
| Plaintiff - Appellant, | |
| v. | |
| MCDONNELL DOUGLAS CORPORATION; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| MARIA JESUS MELIAN PEREZ, as personal representative of the estate of Alicia Dominguez Melian, deceased, | No. 11-55993 |
| | D.C. No. 2:10-cv-01143-GAF-RZ |
| Plaintiff - Appellant, | |
| v. | |

13

MCDONNELL DOUGLAS
CORPORATION; et al.,

        Defendants - Appellees.

---

YOLANDA VILLANUEVA MARTIN, as
Personal Representative of the Estate of
Alejandro Villanueva martin, deceased,

        Plaintiff - Appellant,

  v.

MCDONNELL DOUGLAS
CORPORATION; et al.,

        Defendants - Appellees.

No. 11-55995

D.C. No. 2:10-cv-01133-GAF-RZ

---

ANGELES CARPINTERO RUIZ and
RAFAEL MORENO PEREZ, her
husband,

        Plaintiffs - Appellants,

  v.

MCDONNELL DOUGLAS
CORPORATION; et al.,

        Defendants - Appellees.

No. 11-56000

D.C. No. 2:10-cv-01105-GAF-RZ

14

| | |
|---|---|
| OZLEM ERDIL; et al., | No. 11-56001 |
| Plaintiffs - Appellants, | D.C. No. 2:10-cv-07228-GAF-RZ |
| v. | |
| THE BOEING COMPANY; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| VICENTE GUERRERO, as personal representative of the Estate of Gabriel Guerrero, deceased, | No. 11-56005 |
| | D.C. No. 2:10-cv-01112-GAF-RZ |
| Plaintiff - Appellant, | |
| v. | |
| MCDONNELL DOUGLAS CORPORATION; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| MARIA ESTRELLA CIGALA MARRERO, as co- Personal Representatives of the Estate of Jorge Naranjo Gomez, deceased and CONCEPCION MARIA DE LA PAZ SOTO LLOVES, as co-Personal Representatives of the Estate of Jorge Naranjo Gomez, deceased, | No. 11-56009 |
| | D.C. No. 2:10-cv-01130-GAF-RZ |
| Plaintiffs - Appellants, | |

15

v.

MCDONNELL DOUGLAS
CORPORATION; et al.,

Defendants - Appellees.

---

MARIA ESTRELLA CIGALA
MARRERO, as personal representative of
the estate of Jorge Naranjo Cigalo,
deceased,

Plaintiff - Appellant,

v.

MCDONNELL DOUGLAS
CORPORATION; et al.,

Defendants - Appellees.

No. 11-56012

D.C. No. 2:10-cv-01128-GAF-RZ

---

MARIA ESTRELLA CIGALA
MARRERO, as personal representative of
the estate of Raquel Naranjo Gomez,
deceased and CONCEPCION MARIA DE
LA PAZ SOTO LLOVES, as personal
representative of the estate of Raquel
Naranjo Gomez, deceased,

Plaintiffs - Appellants,

v.

MCDONNELL DOUGLAS

No. 11-56017

D.C. No. 2:10-cv-01131-GAF-RZ

16

CORPORATION; et al.,

Defendants - Appellees.

---

EUGENIO NUNEZ PAVILLARD, as Personal Representative of the Estate of Maria Eugenia Nunez Piretti, deceased,

Plaintiff - Appellant,

v.

MCDONNELL DOUGLAS CORPORATION; et al.,

Defendants - Appellees.

No. 11-56019

D.C. No. 2:10-cv-01137-GAF-RZ

---

TANAUSU GONZALEZ OLIVA, As Personal Representative of the Estate of Tanausu Gonzalez Hernandez,

Plaintiff - Appellant,

v.

MCDONNELL DOUGLAS CORPORATION; et al.,

Defendants - Appellees.

No. 11-56021

D.C. No. 2:10-cv-07193-GAF-RZ

---

MARIANA PUYE, as Co-Personal Representative for the Estate of Mustapha

No. 11-56024

17

| | |
|---|---|
| Puye, Deceased and ALASAN PUYE, as Co-Personal Representative of the Estate of Mustapha Puye, Deceased, | D.C. No. 2:10-cv-07224-GAF-RZ |
| Plaintiffs - Appellants, | |
| v. | |
| MCDONNELL DOUGLAS CORPORATION; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| MARIANA PUYE, as Co-Personal Representative for the Estate of Sira Puye, Deceased and ALASAN PUYE, as Co-Personal Representative for the Estate of Sira Puye, Deceased, | No. 11-56025<br><br>D.C. No. 2:10-cv-07225-GAF-RZ |
| Plaintiffs - Appellants, | |
| v. | |
| MCDONNELL DOUGLAS CORPORATION; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| MAXIMO DIAZ DELGADO, as personal representative of the estate of Lidia Delgado Estevez, deceased, | No. 11-56026<br><br>D.C. No. 2:10-cv-01124-GAF-RZ |
| Plaintiff - Appellant, | |

18

v.

MCDONNELL DOUGLAS
CORPORATION; et al.,

        Defendants - Appellees.

---

JUAN DE DIOS FONT MARIN, as
Personal Representative of the Estate of
Maria Jesus Font Rodriguez, deceased,

        Plaintiff - Appellant,

  v.

MCDONNELL DOUGLAS
CORPORATION; et al.,

        Defendants - Appellees.

No. 11-56027

D.C. No. 2:10-cv-01122-GAF-RZ

---

MANFRED MROTZEK, as personal
representative of the estate of Gerd
Mrotzek, deceased,

        Plaintiff - Appellant,

  v.

THE BOEING COMPANY; et al.,

        Defendants - Appellees.

No. 11-56174

D.C. No. 2:10-cv-01134-GAF-RZ

| | |
|---|---|
| MANFRED MROTZEK, as personal representative of the estate of Niklas Mrotzek, deceased, | No. 11-56176 |
| | D.C. No. 2:10-cv-01135-GAF-RZ |
| Plaintiff - Appellant, | |
| v. | |
| THE BOEING COMPANY; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| MANFRED MROTZEK, as personal representative of the estate of Lucas Mrotzek, deceased, | No. 11-56177 |
| | D.C. No. 2:10-cv-01136-GAF-RZ |
| Plaintiff - Appellant, | |
| v. | |
| THE BOEING COMPANY; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| IRINA HULT, as personal representative of the estate of Ann Marie Helene Hult, deceased, | No. 11-56178 |
| | D.C. No. 2:10-cv-01145-GAF-RZ |
| Plaintiff - Appellant, | |
| v. | |
| THE BOEING COMPANY; et al., | |

|  | Defendants - Appellees. |
|---|---|

| | |
|---|---|
| JOHAN L. RONDONUWU, as co-Personal Representative of the Estate of Nguni Toka Rondonuwu, deceased and SYULL MAINSIOUW, as co-Personal Representative of the Estate of Nguni Toka Rondonuwu, deceased, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> THE BOEING COMPANY; et al., <br><br> Defendants - Appellees. | No. 11-56179 <br><br> D.C. No. 2:10-cv-01146-GAF-RZ |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted December 3, 2012
Pasadena, California

Before: PREGERSON, PAEZ, and HURWITZ, Circuit Judges.

This is an appeal from an order of the United States District Court for the Central District of California, dismissing 116 consolidated suits on *forum non conveniens* grounds.

This litigation arises out of a 2008 airplane accident in Madrid, in which a

Spanair flight crashed on takeoff, killing 154 people and injuring 18 others, none of whom were United States citizens or residents. Two hundred and four plaintiffs, mostly Spanish nationals, brought wrongful death and personal injury actions in various United States district courts. The complaints asserted negligence and strict products liability claims against Boeing Company and various component manufacturers ("Boeing"), alleging that a takeoff warning system ("TOWS") failed to alert the Spanair crew to misconfiguration of the plane's wing flaps and slats. The Judicial Panel on Multidistrict Litigation consolidated the suits in the Central District of California.

Boeing filed a *forum non conveniens* motion to dismiss, arguing that the suits should proceed in Spain. The district court first found that the Spanish courts were an adequate alternative forum. After weighing various private and public interest factors, the district court granted the motion to dismiss. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the district court's *forum non conveniens* ruling. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). Finding no abuse of discretion, we affirm.

1. "At the outset of any *forum non conveniens inquiry*, the court must determine whether there exists an alternative forum." *Id.* at 254 n.22. This requirement is ordinarily satisfied when the defendant agrees to submit to the

22

jurisdiction of the alternative forum, *id.*, and Boeing has agreed to submit to the jurisdiction of the Spanish courts. Plaintiffs argued below that the Spanish courts were not an adequate forum because civil claims could be stayed there while criminal proceedings were pending. But, because all Spanish criminal proceedings have concluded, these concerns are now moot.

2. In determining whether a suit should be dismissed on grounds of *forum non conveniens*, the private interest factors to be considered include:

> (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) "all other practical problems that make trial of a case easy, expeditious and inexpensive."

*Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1145 (9th Cir. 2001) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). The district court carefully discussed each of these factors in its order of dismissal.

Plaintiffs argue that in considering the costs of bringing witnesses to trial, the district court did not grant proper weight to the willingness of Plaintiffs to travel to the Central District. But, as the district court noted, the plaintiffs' travel costs are not the only relevant considerations; there are also costs associated with bringing other witnesses to trial. The district court's conclusion that the greater costs of proceeding

23

in the United States slightly favored dismissal was not unreasonable.

Plaintiffs also argue that the district court improperly focused on witnesses and physical evidence in Spain. They characterize this evidence as unimportant because Plaintiffs have agreed to stipulate to the negligence of the flight crew, Spanair, and airport personnel, and their claims concern only a defect in the design of the TOWS system. Boeing contests that any TOWS defect was the proximate cause of the accident. It argues that the negligence of the crew and ground personnel caused the accident and, alternatively, that the fault of various Spanish actors should reduce any of the manufacturers' liability. The district court recognized the parties' differing theories of the case, and properly found that cockpit recordings, information about the crash, and the results of investigations by Spanish authorities would be more difficult to access in the United States than in Spain. *See Lueck*, 236 F.3d at 1146-47.

Plaintiffs further argue that because Spanair has filed for bankruptcy in Spain, the private factors no longer weigh in favor of that forum. But that filing, which occurred after the district court's order of dismissal, does not mean that Spanair employees are not relevant witnesses since we could not find a part of the record discussing whether Spanish law will limit Plaintiffs' ability to lay claims against the airline's assets, insurers, or employees.

3. The public interest factors include: "(1) local interest of [the] lawsuit; (2)

the court's familiarity with governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to this forum." *Lueck*, 236 F.3d at 1147. The district court's order also carefully balanced these factors.

Plaintiffs argue that the district court improperly discounted California's interest as the site of the airplane's manufacturer. The district court did not abuse its discretion, however, in giving greater weight to Spain's interest as the locale of the crash site and home of the majority of the decedents. *See Piper*, 454 U.S. at 260-61. Plaintiffs also argue that the district court inappropriately relied upon docket congestion in the Central District in ordering dismissal. Although a district court cannot rely solely on congestion when dismissing for *forum non conveniens*, it may consider congestion as one of several relevant factors, as the court did here. *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984).

4. Finally, Plaintiffs argue that the district court should have retained jurisdiction to resolve future discovery disputes. A district court's decision whether to place conditions on a *forum non conveniens* dismissal is reviewed for abuse of discretion. *Gutierrez v. Advanced Med. Optics, Inc.*, 640 F.3d 1025, 1031 (9th Cir. 2011). Plaintiffs have not demonstrated such an abuse. Discovery disputes are not unusual in complex litigation, and there has been no showing that Boeing is unlikely

to participate in any discovery that is permitted under Spanish law or that future discovery disputes mandate retention of jurisdiction.

AFFIRMED.