**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 31 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHENGWU ZHAO, AKA Kevin, | No. 15-35428 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00157-MO |
| and | |
| FEI CUI, AKA Faye, | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| GUO QIANG YE, AKA William; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Submitted July 12, 2018**
Portland, Oregon

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WARDLAW and OWENS, Circuit Judges, and LEFKOW,*** District Judge.

Chengwu Zhao ("Kevin") appeals the denial of his April 1, 2015 motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) as well as the denial of his December 18, 2015 motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(2). The parties are familiar with the facts and procedural history, which we do not recount here.

1. Though Kevin couches his appeal as addressing the denial of the April 1, 2015 Rule 59 motion, his purpose is to challenge the district court's much earlier decision to dismiss his case for *forum non conveniens*. We lack jurisdiction to review either.

Kevin's case was dismissed on November 4, 2014, for *forum non conveniens*, a final, appealable order. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955) ("A dismissal in application of that (forum non conveniens) or any other principle puts an end to the action and hence is final and appealable." (citation omitted)). That it was conditioned on the Shanghai court's acceptance of William's case does not affect the order's finality. *See Gutierrez v. Advanced Med. Optics, Inc.*, 640 F.3d 1025, 1032 (9th Cir. 2011) ("[W]e have also determined that the

***  The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

inclusion of conditions in some dismissal orders relying on the doctrine of *forum non conveniens* is appropriate."); *see also* 15A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3914.12 (2d ed. 1992) ("Finality is not destroyed by the fact that the dismissal is subject to specific conditions; the conditions are viewed as conditions subsequent that may cause the court to reassume jurisdiction in the future, not as conditions precedent to a final judgment."). Accordingly, the thirty-day time limit to file a notice of appeal began on November 4, 2014. *See* Fed. R. App. P. 4(a)(1)(A).

On November 26, 2014, Kevin filed a timely Rule 59 motion challenging the dismissal, which tolled the thirty-day time limit. *See* Fed. R. App. P. 4(a)(4)(A). The district court denied that motion on January 21, 2015, and the thirty-day time limit to appeal began anew. *Id.* Thus, Kevin had until February 20, 2015, to appeal the dismissal, but he did not. Instead, he filed additional, untimely Rule 59 motions on February 17, 2015, and April 1, 2015. "Successive motions under Rule 59, however, generally do not affect the finality of the judgment; any other rule would effectively give a disgruntled litigant the ability to stretch the period for appeal indefinitely. Only when the court substantively alters its judgment in response to a Rule 59 motion may a successive motion toll the period for appeal." *Wages v. I.R.S.*, 915 F.2d 1230, 1233 n.3 (9th Cir. 1990). The district court never altered its November 4, 2014 judgment. Kevin eventually filed a notice of appeal on May 29,

3

2015, over three months late. Accordingly, we have no jurisdiction to consider the underlying dismissal for *forum non conveniens*. *See Munden v. Ultra-Alaska Assocs.*, 849 F.2d 383, 386 (9th Cir. 1988) ("The requirement of a timely notice of appeal is mandatory and jurisdictional."). Nor do we have jurisdiction to consider the April 1, 2015 Rule 59 motion, as it was also untimely filed.[1] *See Tillman v. Ass'n of Apartment Owners of Ewa Apartments*, 234 F.3d 1087, 1089 (9th Cir. 2000) (finding that the court does not have jurisdiction to hear an untimely Rule 59 motion).

2. Kevin timely appealed the denial of the Rule 60(b)(2) motion, and we have jurisdiction under 28 U.S.C. § 1291. We assume without deciding that the one-year time limit proscribed in Fed. R. Civ. P. 60(c)(1) began to run on January 21, 2015, the date the district court denied the timely Rule 59 motion challenging the dismissal. *See, e.g.*, *Nat'l Passenger R.R. Corp. v. Maylie*, 910 F.2d 1181, 1183 (3d Cir. 1990); *Rashid v. Drug Enf't Admin.*, No. 99-5030, 1999 WL 506652, at *1 (D.C. Cir. June 8, 1999) (per curiam). Regardless, Kevin's Rule 60 motion fails on the merits as it does not offer "newly discovered" evidence, that is, evidence that

---

[1] To the extent that Kevin seeks review of the district court's order granting the motion to lift the escrow order, the thirty-day limit to appeal began on January 21, 2015. Though he filed a Rule 59 motion to reconsider that order on February 17, 2015, it did not address the escrow issue. Regardless, that motion was denied on February 23, 2015, meaning the thirty-day appeal period started again. Because Kevin did not file an appeal until May 29, 2015, we lack jurisdiction to review the order.

"(1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (per curiam) (internal quotations and citation omitted).

**AFFIRMED.**