Ingo **LEETSCH,** Plaintiff–Appellant,

v.

Rina E. **FREEDMAN,** individually and as Trustee of the Ljuba Stahl Trust; Leora Freedman; Ralph Lachman; Frank Jarrett; Gerald P. Mertens; Marga Mertens; Vicki Zadovsky, Defendants–Appellees,

and

Does 1 Through 9, Defendants.

No. 99–56898.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2001

Filed Aug. 13, 2001

David R. Shaub, Shaub & Williams, Los Angeles, California, for the plaintiff-appellant.

Peter J. Engstrom and Christopher Van Gundy, Baker & McKenzie, San Francisco, California, for the defendants-appellees.

Before: BEEZER, T.G. NELSON and BERZON, Circuit Judges.

Opinion by Judge BEEZER;
Concurrence by Judge BERZON

BEEZER, Circuit Judge:

This is an appeal in a civil suit from a final judgment of dismissal on forum non conveniens grounds. We have jurisdiction, and we affirm.

## I

Appellant Ingo Leetsch is an attorney admitted to practice in the Federal Republic of Germany. He filed suit in the Central District of California seeking a judgment for attorney fees and costs for services rendered to his former clients. Leetsch rendered professional legal services involving restitution of his former clients' real properties located in Berlin, Germany.

The named former clients moved to dismiss on forum non conveniens grounds. They argue that Germany offered an adequate alternative forum and that the German court was vested with jurisdiction over the parties. The former clients plead that German law governs the calculation of attorney fees due and that Leetsch has already instituted an action in Germany regarding the same or similar subject matter.

Leetsch filed an ex parte application for an order granting leave "to lodge and file a new proposed order with an addendum" requesting that the court impose conditions to secure return jurisdiction over his former clients.

The district court granted the motion to dismiss without addressing Leetsch's request. Leetsch argues that the trial court abused its discretion by failing to reserve jurisdiction over Leetsch's former clients.

## II

We review the forum non conveniens determination for a "clear" abuse of discretion, defined as "relying on an erroneous view of the law, . . . relying on a clearly erroneous assessment of the evidence, or . . . striking an unreasonable balance of relevant factors." *Ravelo Moneg-*

*ro v. Rosa,* 211 F.3d 509, 511 (9th Cir. 2000), *cert. denied sub nom San Francisco Baseball Assocs. L.P. v. Monegro,* 531 U.S. 1112, 121 S.Ct. 857, 148 L.Ed.2d 771 (2001). Whether to dismiss an action on forum non conveniens grounds requires the district court to consider the availability of an adequate alternative forum, and then to consider whether several "private" and "public" interest factors favor dismissal.[1] *See, e.g., Gemini Capital Group v. Yap Fishing Corp.,* 150 F.3d 1088, 1092–95 (9th Cir.1998) (analyzing factors). When we review a forum non conveniens determination, we give less deference to a foreign plaintiff's choice of a United States forum than to a domestic plaintiff's choice. *Ravelo Monegro,* 211 F.3d at 514.

### III

■ The existence of an adequate alternative forum depends upon whether or not an alternative forum is "so clearly inadequate or unsatisfactory that it is no remedy at all. This requirement is generally satisfied if the defendant is amenable to service of process in the alternative forum." *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.,* 61 F.3d 696, 701 (9th Cir. 1995) (quotation marks and citations omitted). Amenability to service of process, however, is not the only determinant of a forum's adequacy.

■ The foreign court's jurisdiction over the case and competency to decide the legal questions involved will also be considered. *See Cheng v. Boeing Co.,* 708 F.2d 1406, 1410 (9th Cir.1983). We make the determination of adequacy on a case by case basis, with the party moving for dismissal bearing the burden of proof. *See Lueck v. Sundstrand Corp.,* 236 F.3d 1137, 1143 (9th Cir.2001) ("[T]he burden of

showing the existence of an adequate alternative forum is the defendant's.") (citation omitted).

■ Both parties conceded at oral argument that appellees' amenability to service is not in question. Service would be possible, albeit at some expense and delay, under procedures set forth in the Hague Convention. *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (setting forth procedures). Furthermore, under *Cheng,* the amenability issue may be resolved by inquiring whether the German court system has the jurisdiction and competence to hear Leetsch's claim. *See* 780 F.2d at 1410–11. As Leetsch himself stated, the German court has jurisdiction over this matter. The German court would be more competent than a United States court to hear the claim because of its familiarity with the German language and the governing German law. The trial court correctly determined that the German court offered an adequate alternative forum.

### IV

■ Despite the jurisdiction and competence of the German courts and appellees' stated amenability to proper service, Leetsch argues that because the district court declined to impose conditions retaining jurisdiction and providing for return jurisdiction over appellees, Germany would be an inadequate forum. Leetsch is attempting to require appellees to: (1) agree that each is a proper party to suit in Germany; (2) waive any objections to the personal or subject matter jurisdiction of the German courts; (3) waive the statute of limitations; (4) consent to service of

---

1. The district court was not required to make a choice of law determination, because this case did not involve a statute requiring venue in the United States. *Lueck v. Sundstrand*

*Corp.,* 236 F.3d 1137, 1148 n. 5 (9th Cir.2001) (choice of law determination not required in cases not involving a statute which mandates venue in a United States district court).

process in Germany; and (5) waive any objection if Leetsch asked a U.S. court to enforce any German judgment against them. Leetsch cites *Robinson v. TCI/US West Communications Inc.*, 117 F.3d 900, 908 (5th Cir.1997), which holds that failure to impose a return jurisdiction clause was a per se abuse of discretion. *Robinson*'s bright line test, however, is not controlling in this circuit and, in fact, contradicts the Supreme Court's observation that forum non conveniens determinations have "repeatedly emphasized the need to retain flexibility.... [E]ach case turns on its facts." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (quotation marks and citation omitted).

 We have not imposed an inflexible test requiring conditional dismissals, as Leetsch claims. For example, in a case in which American owners and insurers of cargo sued German defendants involved in a vessel's collision in Japanese waters, we held that conditional dismissal established amenability to process and, therefore, an adequate alternative forum. *Ceramic Corp. v. Inka Maritime Corp.*, 1 F.3d 947, 949 (9th Cir.1993). We held similarly that conditional dismissal, plus the defendant's claim in the foreign forum at issue, "satisfies the legal standard" of amenability to process. *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1450 (9th Cir.1990). Our willingness to impose conditions in some cases, however, does not create an inflexible requirement that a trial court must impose similar conditions across the board. *Ceramic Corp.* and *Contact Lumber* held that conditions were sufficient to establish an adequate alterna-

tive forum, but these cases do not hold that conditions must always be established. A district court can be required to impose conditions if there is a justifiable reason to doubt that a party will cooperate with the foreign forum. *See Ravelo Monegro*, 211 F.3d at 514 (district court erred in applying private interest factors after it did not impose conditions on a defendant who had stated his intention not to return to the foreign forum).

Conditions are not necessary here. Leetsch has already commenced an action against appellees in Germany. Leetsch has not alleged, nor have appellees indicated (as in *Ravelo Monegro*), that they will evade or obstruct that action. The trial court did not abuse its discretion in declining to impose conditions on the dismissal, and the lack of such conditions does not render the German forum inadequate.

## V

 We next turn to the private interest factors affecting the forum non conveniens determination.[2] The private interest factors include: the "ease of access to sources of proof; compulsory process to obtain [the] attendance of hostile witnesses, and the cost of transporting friendly witnesses; ... other problems that interfere with an expeditious trial," *Contact Lumber Co.*, 918 F.2d at 1451; and the ability to enforce the judgment. *Ravelo Monegro*, 211 F.3d at 512.

These factors weigh in favor of the German forum. Because all the representation that underlies the legal services fee and cost claims occurred in Germany, with only the exception of correspondence be-

---

**2.** Leetsch made no argument with respect to either the private or the public interest factors, except that the trial court's failure to provide a fuller explanation of its reasoning "constitutes an abuse of discretion." While it is true that the trial court's order was summary, the panel may nonetheless affirm be-

cause the basis for the decision was fairly presented by the record. *See Pereira v. Utah Transport, Inc.*, 764 F.2d 686, 688 n. 2 (9th Cir.1985) (citing *Childs v. Local 18, Int'l Bhd. of Elec. Workers*, 719 F.2d 1379, 1384 (9th Cir.1983)).

tween the parties, most sources of evidence on the issues will likely be located in Germany. The compulsory process factor also weighs in Germany's favor, as service is possible under procedures set forth under the Hague Convention. The cost of producing witnesses factor is neutral, as neither party submitted evidence on the issue. Finally, because appellees have property in Germany, any judgment there should be enforceable.

## VI

 The public interest factors which we consider include

(1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action; [and] (5) the avoidance of unnecessary problems in conflicts of law.

*Creative Tech.,* 61 F.3d at 701, 703–04. Like the private interest factors, the public interest factors, particularly the fourth factor, weigh in favor of the German forum.

Neither party submitted evidence with respect to the first factor, court congestion. The second and third factors weigh in favor of the German forum: California residents have little to no interest in a German lawyer's pursuit of fees for services rendered in Germany. Germany's local interest, and California's indifference to German fee collections, is heightened by the fact that this case arose out of an underlying transaction involving German property and a restitution law of great historical and legal significance to Germany. The fourth factor weighs especially heavily in favor of the German courts. Not only is the district court unfamiliar with German law, were it to hear the case it would be required to translate a great

deal of that law from the German language, with all the inaccuracy and delay that such a project would necessarily entail.

We are satisfied that the German court is well equipped to apply the substantive German attorney fee statute in a manner required by its local procedure. It makes little sense to require the district court to apply German substantive law in a procedure required by the Federal Rules of Civil Procedure.

AFFIRMED.

BERZON, Circuit Judge, Concurring:

I join all but part III of the majority's opinion. And because the appellees' amenability to service of process in Germany is not disputed, I agree with the majority that Germany is an adequate alternative forum and therefore concur in the judgment.

I cannot join the discussion in Part III because it seems to suggest—albeit in dicta—that even were the issue of appellees' amenability to process genuinely in dispute, the district court could have dismissed the complaint without imposing conditions to ensure amenability. As I understand the pertinent cases, amenability of the defendants to service of process with regard to the foreign forum is a *sine qua non* in determining a foreign forum's adequacy. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 506–07, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) ("[i]n all cases in which the doctrine of *forum non conveniens* comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them"), superseded by statute on other grounds, as recognized in *American Dredging Co. v. Miller,* 510 U.S. 443, 449 n. 2, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994); *see also Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981);

*Ceramic Corp. of America v. Inka Maritime Corp. Inc.*, 1 F.3d 947, 949 (9th Cir. 1993) (characterizing amenability to process as "threshold test" of adequacy). Nothing in *Cheng v. Boeing Co.*, 708 F.2d 1406 (9th Cir.1983), cited by the majority, suggests that the adequate alternative forum requirement may be satisfied without a showing that defendants are amenable to process in the alternative forum.

If there is any substantial question concerning whether the defendants can be required to appear in the foreign forum, then the moving defendant has not met its burden and the district court is obliged either to refuse to invoke the *forum non conveniens* doctrine or to impose, as a condition of the dismissal, the requirement that the defendants accept the service of the foreign forum. *See Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir.2000) (reversing unconditional dismissal where there was a substantial question concerning whether defendant could be compelled to appear in foreign forum).