Rachel KERR, individually and on behalf of others similarly situated, Plaintiff—Appellant,

v.

INAMED CORP., et al., Defendants—Appellees.

Sarah Jane Crane, Plaintiff—Appellant,

v.

Inamed Corp., et al., Defendants—Appellees.

Karen Elizabeth Campbell, Plaintiff—Appellant,

v.

Inamed Corp., et al., Defendants—Appellees.

Nos. 01–16357, 01–16386, 01–17125.
D.C. Nos. CV–00–03026–MJJ, CV–00–02873–MJJ, CV–01–00392–MJJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided Nov. 22, 2002.

Before HAWKINS, GRABER, and TALLMAN, Circuit Judges.

### MEMORANDUM *

Plaintiffs are residents of the United Kingdom who claim personal injuries related to breast implants that they received in the United Kingdom. The district court dismissed the action.

### A. *Personal Jurisdiction*

■ Plaintiffs claim that the district court for the Northern District of California had "specific jurisdiction" over Washington University, which is located in Missouri, and over Dr. Young, who is a professor there.

The University did not purposely avail itself of the privilege of conducting activities in California. *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir.1995) (stating the test for specific jurisdiction). Its relevant contacts with California were limited to licensing a patent to a California limited partnership.

■ Nor did Dr. Young purposely avail himself of the forum state sufficiently to support jurisdiction. From 1992 to 1994, Dr. Young had two consulting contracts with LipoMatrix, a Delaware corporation whose principal place of business was in California. But the mere existence of a contract is not a sufficient minimum contact. *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir.1990). The activity contemplated by the agreement took place in Missouri, and Dr. Young's relevant communications with LipoMatrix concerned clinical trials in Missouri.

In the circumstances, the district court properly held that it lacked jurisdiction over these two defendants.

### B. *Forum Non Conveniens*

■ Plaintiffs have an alternative forum available for their claims. Defendants are amenable to service of process in the United Kingdom because, as a condition of dismissal, they consented to be sued and to accept service of process there, as well as to waive any statute of limitations defense. *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1450 (9th Cir. 1990). There is a settlement protocol in place in the United Kingdom under which Plaintiffs can receive adequate compensation. *See Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1144–45 (9th Cir.2001) (holding that a remedy need not be a judicial one to be adequate).

The district court did not err in balancing private interests. Essential testimonial evidence regarding liability, causation, and damages is in the United Kingdom. More than one hundred boxes of relevant documents are stored in one Defendant's offices in the United Kingdom. Many relevant documents in the United States are in Defendants' possession and can be produced elsewhere under Defendants' agreement conditioning the dismissal.

The district court did not err in balancing public interests. This kind of implant was not sold in the United States. In the United Kingdom, a government agency regulates medical products including these very implants. Even if the case were tried here, the law of the United Kingdom would have to apply.

Finally, the district court did not err by failing to defer to Plaintiffs' choice of a forum. When the district court's com-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ments are taken in context, it is clear that the court considered Plaintiffs' wishes. As the district court properly noted, however, a plaintiff's choice is given less deference when the plaintiff is foreign. *Ravelo Monegro v. Rosa,* 211 F.3d 509, 514 (9th Cir. 2000), *cert. denied,* 531 U.S. 1112, 121 S.Ct. 857, 148 L.Ed.2d 771 (2001).

In summary, we find no clear abuse of discretion. *See Leetsch v. Freedman,* 260 F.3d 1100, 1102–03 (9th Cir.2001) (stating the standard of review).

AFFIRMED.

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.