**Steven SEAGAL, Plaintiff—Appellant,**

v.

**Edeltrud VORDERWUHLBECKE, et al., Defendants—Appellees.**

No. 04–55475.

D.C. No. CV–03–73330–JSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted on Dec. 5, 2005.

Decided Jan. 12, 2006.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Carmen A. Trutanich, Victor J. Otten, Trutanich & Michel, San Pedro, CA, for Plaintiff–Appellant.

James K. Lee, Akin Gump Strauss Hauer & Feld L.L.P., Los Angeles, CA, for Defendants–Appellees.

Before REINHARDT and RAWLINSON, Circuit Judges, and WILKEN,* District Judge.

### MEMORANDUM**

Steven Seagal appeals the district court's order dismissing his complaint due to improper venue and, in the alternative, forum non conveniens. We affirm the district court's dismissal of Seagal's complaint. Therefore, we need not consider Edeltrud Vorderwülbecke's appeal of the district court's finding that it could exercise specific personal jurisdiction over her.

■ The forum selection clause provides that all disputes "arising out of or in connection with" the lease shall be settled before a court in Berlin, Germany. Interpreting this language *de novo*, we construe the lease's forum selection clause to in-

* The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

clude disputes between the parties having a significant relationship to the lease as well as disputes having their origin or genesis in the lease. *See Simula, Inc., v. Autoliv, Inc.,* 175 F.3d 716, 721 (9th Cir. 1999) (concluding that arbitration clause language " 'arising in connection with' reaches every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract").

■ In light of this construction, the district court did not abuse its discretion in finding that the forum selection clause covered all of Seagal's tort claims, including the first of his two claims for intentional infliction of emotional distress (the only claim which Seagal on appeal argues may be properly brought in California). Several of the allegations in the emotional distress claim at issue directly depend on adjudication of the underlying contract claims, e.g. Vorderwülbecke's alleged "fraudulent demands for excessive amounts to compensate for damages to the Property." Even the alleged threats bear a significant relationship to the contractual dispute, because they are intertwined with demands that Seagal pay money he allegedly owed as a result of his use of the property.

■ We also conclude that the district court did not clearly abuse its discretion in dismissing the complaint on the alternative ground of forum non conveniens. *Leetsch v. Freedman,* 260 F.3d 1100, 1102 (9th Cir.2001). Given the wide discretion afforded district courts under the doctrine of forum non conveniens, *Mizokami Bros. of Ariz., Inc., v. Baychem Corp.,* 556 F.2d 975, 977 (9th Cir.1977), Seagal shows no legal basis for objecting to the sua sponte nature of the district court's dismissal on this ground. Seagal has failed to demonstrate that the district court's forum non conveniens determination "rel[ied] on an erroneous view of the law, . . . rel[ied] on a clearly erroneous assessment of the evidence, or . . . str[uck] an unreasonable balance of relevant factors." *Leetsch,* 260 F.3d at 1102 (quoting *Ravelo Monegro v. Rosa,* 211 F.3d 509, 511 (9th Cir.2000)). Although the district court did not explicitly mention all of the relevant factors, the underlying facts were fully briefed, and the record demonstrates that both public and private interest factors weigh in favor of dismissal of the lawsuit. Nor did the district court abuse its discretion in deciding to dismiss based on forum non conveniens without allowing Seagal first to take discovery of Vorderwülbecke. The discovery Seagal wishes to take would at best show that the parties and their business managers' inconvenience in traveling would be equal.

Accordingly, the district court's order dismissing Seagal's complaint due to improper venue and, in the alternative, forum non conveniens, is **AFFIRMED.**