**Affirmed and Opinion filed May 10, 2016.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-15-00611-CV

## PABLO RION Y ASOCIADOS, S.A. DE C.V., Appellant

## V.

## DAVID DAUAJARE AND GABRIELA MARTINEZ DE DAUAJARE, Appellees

**On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 13-DCV-208485**

## OPINION

When a trial court dismisses a case under the equitable doctrine of forum non conveniens, must the trial court include in its order of dismissal a "return-jurisdiction provision," which would allow the plaintiff to reinstate the case in the original forum should the foreign forum become unavailable? The federal courts are divided on this question, and in this appeal, we are asked to weigh in as a matter of Texas common law. We hold that such provisions are properly left to the

trial court's discretion. Because the trial court in this case did not abuse its discretion by denying a request for a return-jurisdiction provision, we affirm its order of dismissal.

## BACKGROUND

Pablo Rion y Asociados, S.A. de C.V. ("PRA") initiated this lawsuit in Fort Bend County, Texas, by suing David Dauajare and his wife Gabriela (collectively, the "Dauajares"). PRA asserted causes of action for breach of contract, quantum meruit, and fraud. The allegations focused primarily on the breach of a brokerage agreement, which was negotiated in Mexico and expected to be performed in Mexico. The Dauajares moved to dismiss the case on the basis that Mexico was a more convenient forum, but the trial court denied their motion.

The Dauajares sought relief in this court through a petition for writ of mandamus, which challenged the trial court's decision on their motion to dismiss. We conditionally granted the Dauajares' petition. In our mandamus opinion, we determined that Mexico was an available and adequate forum, and that the private and public interest factors favored Mexico as an alternative forum. We accordingly ordered the trial court "to dismiss the case on forum non conveniens." *See In re Dauajare-Johnson*, No. 14-14-00256-CV, 2014 WL 3401094, at \*12 (Tex. App.—Houston [14th Dist.] July 10, 2014, orig. proceeding [mand. denied]) (mem. op.). We did not include any specific instructions beyond that simple order, and PRA did not file a motion for rehearing, asking us to change our order to include a return-jurisdiction provision.

When the parties returned to the trial court, the Dauajares moved for entry of an order dismissing the case. The order proposed by the Dauajares did not include a return-jurisdiction provision. PRA filed a response, requesting the trial court to

2

include a return-jurisdiction provision.[1] The trial court conducted a hearing on the motion, but the arguments at the hearing focused mostly on the issue of venue in Mexico. When the parties addressed the request for a return-jurisdiction provision, PRA explained that the provision would be prudent if "something [in Mexico] has changed in the meantime." PRA also explained that a return-jurisdiction provision would allow them to refile in Texas without hindrance from "statute of limitations issues and other potential problems."

The Dauajares opposed the return-jurisdiction provision. They asserted that "as long as [the Mexican courts] have the proper jurisdiction, we don't anticipate there to be any problems there." The Dauajares also noted that, if the trial court were to include a return-jurisdiction provision in its order, then there should be additional "protections that this case wouldn't come back just because of improper handling of the file in Mexico."

After taking the matter under advisement, the trial court denied PRA's request for a return-jurisdiction provision, and it issued an order that dismissed the case without prejudice to refiling. PRA now appeals, claiming that the omission of a return-jurisdiction provision constitutes an abuse of discretion per se.

## ANALYSIS

### I. There are no controlling Texas cases.

We first consider whether any Texas courts have spoken on this issue. PRA contends that this issue has been decided once by an intermediate court of appeals,

---

[1] PRA requested a return-jurisdiction provision that stated as follows: "[T]his Court shall retain jurisdiction over this matter for one hundred eighty (180) days after the date of this Order and may, at the request of [PRA] reinstate this matter if: (1) [the Dauajares] refuse to accept service or submit themselves to personal jurisdiction, in litigation filed by [PRA] in a federal district court of Mexico City or a local court of first instance in Mexico City; or (2) the federal district court of Mexico City or a local court of first instance in Mexico City refuse[s] to exercise jurisdiction over [the Dauajares]."

citing *Direct Color Services, Inc. v. Eastman Kodak, Co.*, 929 S.W.2d 558 (Tex. App.—Tyler 1996, writ denied).

In *Direct Color*, the sole question presented was whether the trial court had abused its discretion by granting a motion to dismiss on the basis of forum non conveniens. *Id.* at 560. The court of appeals held that there was no abuse of discretion. *Id.* at 567. In the process of analyzing whether an alternative forum existed, the court made two observations: first, the defendants had stipulated that they would submit to the jurisdiction of the foreign forum; and second, as a condition to its order to dismiss, the trial court required the defendants to stipulate that for limitations purposes, the date of filing in the foreign forum would relate back to the date of filing in the Texas case. *Id.* at 565.

PRA refers to these stipulations in its brief, suggesting that the stipulations are tantamount to a return-jurisdiction provision. The court's opinion does not clearly support that conclusion. The analysis of the court of appeals focused on the availability of the foreign forum, not the right of the plaintiffs to reinstate their case in Texas after the case was dismissed, which is what a return-jurisdiction provision would specifically provide. *See, e.g.*, *Delgado v. Shell Oil Co.*, 890 F. Supp. 1324, 1375 (S.D. Tex. 1995), *aff'd*, 231 F.3d 165 (5th Cir. 2000).[2] Consequently, the court of appeals did not explain what remedies would be available to the plaintiffs should the defendants fail to cooperate in the foreign forum. Even if reinstatement was an available remedy, the court did not comment directly on whether that remedy must be afforded to plaintiffs in all cases. In that sense, *Direct Color* does

---

[2] The return-jurisdiction provision in *Delgado* stated as follows: "Notwithstanding the dismissals that may result from this Memorandum and Order, in the event that the highest court of any foreign country finally affirms the dismissal for lack of jurisdiction of any action commenced by a plaintiff in these actions in his home country or the country in which he was injured, that plaintiff may return to this court and, upon proper motion, the court will resume jurisdiction over the action as if the case had never been dismissed for f.n.c."

not support PRA's proposition that the omission of a return-jurisdiction provision is erroneous as a matter of law.

The Dauajares refer us to a wrongful-death case, *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670 (Tex. 2007) (orig. proceeding) (plurality op.). Similar to *Direct Color*, the question presented there was whether the trial court should have dismissed the case on the basis of forum non conveniens. *Id.* at 673. The supreme court's analysis focused largely on the factors that favored dismissal. *Id.* at 677–79. Even though the supreme court concluded that the case should be dismissed, the court did not hold that there are certain protections that plaintiffs must receive in the event of a dismissal.

Nevertheless, the supreme court expressly acknowledged the existence of return-jurisdiction provisions. The acknowledgment occurred during a discussion over whether Mexico provided an alternative forum. *Id.* at 677. The defendant in that case claimed that Mexico was adequate and available, in part because the defendant had previously stipulated that it would it submit to personal jurisdiction in Mexico. *Id.* The defendant also stipulated that, if the case were dismissed, the defendant would not assert a limitations defense in Mexico based on the time that had elapsed since the suit was filed in Texas. *Id.* The plaintiffs argued that the defendant's limitations waiver would be ineffective under Mexican law. *Id.* The supreme court responded that the plaintiffs' concern did not overcome the private and public interests that supported dismissal, particularly where a statute "authorizes the court to condition a dismissal order on the alternative forum's acceptance of jurisdiction." *Id.* at 677–78. The supreme court noted that a condition of this sort would take the form of a return-jurisdiction provision, which is common practice in federal cases. *Id.* at 678.

According to the Dauajares, *Pirelli Tire* demonstrates that return-jurisdiction provisions are discretionary, rather than mandatory. This reading of *Pirelli Tire* appears to be correct, considering the supreme court's choice of the permissive word "authorizes." *Cf. Gutierrez v. Collins*, 583 S.W.2d 312, 314 (Tex. 1979) (noting that a statute that authorizes certain actions is permissive, not mandatory); *Auzston-Rochester v. Auzston*, No. 01-12-01059-CV, 2014 WL 890915, at *2 (Tex. App.—Houston [1st Dist.] Mar. 6, 2014, no pet.) (mem. op.) (same). However, *Pirelli Tire* involved a statutory application of forum non conveniens, rather than the common law. *See Pirelli Tire*, 247 S.W.3d at 678 (citing Tex. Civ. Prac. & Rem. Code § 71.051). The statute for forum non conveniens does not apply to PRA's business case. *See* Tex. Civ. Prac. & Rem. Code § 71.051(i) ("This section applies to actions for personal injury or wrongful death."). Our analysis must be guided by Texas common law, and *Pirelli Tire* does not answer whether the common law requires or merely permits the use of return-jurisdiction provisions.

To our knowledge, no Texas court has ever held as a matter of Texas common law whether return-jurisdiction provisions are discretionary or mandatory. In the absence of binding authority, we now consider the approaches taken by the federal courts.

## II. The federal courts are divided.

The Fifth Circuit adheres to a bright-line rule, which PRA invites us to follow. The rule provides that the "failure to include a return jurisdiction clause in an f.n.c. dismissal constitutes a *per se* abuse of discretion." *See Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 675 (5th Cir. 2003); *Robinson v. TCI/US W. Commc'ns, Inc.*, 117 F.3d 900, 907 (5th Cir. 1997). The source of this rule does not appear to be from the United States Supreme Court. Instead, the rule seems to have originated from a concern that defendants may try to obstruct

6

proceedings in the foreign forum after the case has been dismissed. *See In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1166 (5th Cir. 1987) (en banc), *vacated on other grounds sub nom. Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989).

The Ninth Circuit declined to follow the Fifth Circuit's rule in *Leetsch v. Freedman*, 260 F.3d 1100 (9th Cir. 2001). The court there reasoned that a bright-line rule was inconsistent with the general "flexibility" that must be afforded to trial courts when deciding whether to dismiss a case on the basis of forum non conveniens. *Id.* at 1104. Instead of creating an automatic requirement, the Ninth Circuit held that a trial court should impose conditions on dismissal only where "there is a justifiable reason to doubt that a party will cooperate with the foreign forum." *Id.*

The Tenth Circuit has taken a similar position, holding that return-jurisdiction provisions are "not mandatory," but rather "within the district court's discretion." *See Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1182 (10th Cir. 2009).

## III. We favor the discretionary approach.

Our research has not revealed any sort of longstanding tradition in Texas of including return-jurisdiction provisions in orders of dismissal. Even when we examine cases like *Pirelli Tire*, which involved a statutory application of forum non conveniens, we do not perceive a mandatory requirement resembling the Fifth Circuit's rule.

We believe that a discretionary approach is warranted here.[3] With this approach, the plaintiff can still receive adequate protections that the defendant will

---

[3] Indeed, trial courts are generally afforded wide discretion in most matters. *See, e.g.*, *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (orig. proceeding) (per curiam) (managing the docket); *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012) (awarding attorney's fees);

7

cooperate in the foreign forum. For example, the trial court can order the defendant to submit to personal jurisdiction in the foreign forum, to waive limitations defenses, to agree to discovery, and to agree to enforceability of the foreign judgment. These orders can be enforced with appropriate sanctions.

Furthermore, we are not persuaded by the Fifth Circuit's policy rationale, which expresses concern over defendants who may attempt to obstruct proceedings in the foreign forum. Plaintiffs, too, have been known to manipulate proceedings in foreign courts following a dismissal for forum non conveniens. In one notable case, the plaintiffs were determined to return their suit to their chosen forum, so they engaged in bad-faith practices to contrive an adverse ruling against themselves and defeat the foreign court's jurisdiction. *See In re Bridgestone/Firestone, Inc. Tires Prods. Liability Litigation*, 470 F. Supp. 2d 917 (S.D. Ind. 2006). Return-jurisdiction provisions could have the perverse effect of encouraging these practices.

We accordingly hold that the trial court has discretion when setting the terms and conditions of an order dismissing a case for forum non conveniens. If "there is a justifiable reason to doubt that a party will cooperate with the foreign forum," the trial court is empowered to include all terms and conditions that may remove that doubt, which may include a return-jurisdiction provision. *See Leetsch*, 260 F.3d at 1104.

On the basis of this record, we cannot say that the trial court abused its discretion by denying PRA's request for a return-jurisdiction provision. PRA

---

*In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding) (per curiam) (determining the scope of discovery); *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 211–12 (Tex. 2009) (orig. proceeding) (granting new trials); *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001) (admitting or excluding evidence); *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding) (imposing sanctions).

provided no evidence or argument that the Dauajares would challenge the jurisdiction of a Mexican forum. Even though PRA suggested that a Mexican forum might become unavailable because of changed circumstances, PRA never elaborated on what those circumstances might be, or whether a change was even probable. The trial court was given no justifiable reason to doubt that the case could be resolved fairly in Mexico. Therefore, the trial court did not abuse its discretion by refusing to include a return-jurisdiction provision that would enable PRA to reinstate its case in Texas.

## IV. We cannot consider factual materials that are outside the record.

In a reply brief, PRA asserts that it filed suit in Mexico after the trial court dismissed its case. PRA further asserts that, during the pendency of this appeal, a court in Mexico dismissed the case for want of jurisdiction. Based on an exhibit attached to PRA's reply brief, the Mexican court appears to have declined to exercise jurisdiction because the Dauajares are not domiciled within the court's jurisdiction, and there is no evidence that the Dauajares have otherwise agreed to submit to the court's jurisdiction. PRA now claims that it has been left without any recourse, which further demonstrates the need for a return-jurisdiction provision. PRA asks that we either vacate the trial court's order dismissing the case or remand the matter to the trial court for it to consider the import of the recent developments.

The Dauajares respond that PRA "has deliberately sabotaged its own Mexican lawsuit in order to render the Mexican forum unavailable." The Dauajares contend that they had no notice of the Mexican lawsuit until PRA's reply brief. Had they been aware of the Mexican lawsuit, the Dauajares claim that they would have participated in the lawsuit and consented to the court's jurisdiction. The

Dauajares also allege that PRA concealed the Mexican lawsuit for long enough to ensure that the jurisdictional defect could not be cured.

At least two federal courts of appeals have held that a remand to the trial court is appropriate when developments following an order of dismissal indicate that the foreign forum may not actually be available. *See Gutierrez v. Advanced Med. Optics, Inc.*, 640 F.3d 1025, 1031 (9th Cir. 2011); *In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 705–07 (7th Cir. 2005). PRA has not cited to any similar precedent in Texas, and we are not aware of any.

By rule, we cannot assign any weight to the factual materials attached to PRA's reply brief because those materials are outside the official appellate record. *See* Tex. R. App. P. 34; *City of Sugar Land v. Kaplan*, 449 S.W.3d 577, 583 n.2 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Absent binding authority that would require reconsideration in these circumstances, we decline to vacate the trial court's order or remand this case to the trial court for consideration of the new developments and allegations.

## CONCLUSION

The trial court's order dismissing the case for forum non conveniens is affirmed.


/s/     Tracy Christopher
        Justice


Panel consists of Justices Christopher, Jamison, and McCally.