**Affirmed and Memorandum Opinion filed August 21, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00695-CV

---

## EX PARTE CEDRIC DELNO BROWN

**On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 2015-33187**

## MEMORANDUM OPINION

The question in this appeal is whether the trial court abused its discretion when it denied a petition for expunction. Because the record supports the trial court's decision that the requirements for expunction have not been met, we conclude that the trial court did not abuse its discretion. We therefore affirm the trial court's judgment.

## BACKGROUND

Appellant filed a pro se petition for expunction, seeking to expunge the records of an arrest for capital murder. Appellant attached some of those records to his petition, and they included a felony complaint with a probable cause affidavit,

an arrest warrant, and an offense report. These records revealed that appellant and another individual were suspected in the robbery and killing of a convenience store clerk. Appellant claimed that these records should be expunged because the arrest never resulted in an indictment, trial, or conviction for capital murder.

The district attorney filed an answer that generally denied appellant's claims. According to appellant, the district attorney submitted a letter in addition to this answer, and the letter represented that appellant had been "charged with capital murder . . . and that punishment was assessed at 75 years TDC."

The letter from the district attorney is not in our record, which means that we cannot confirm its contents.[1] In any event, appellant filed a response for the express purpose of disproving the letter. The response included a judgment of conviction showing that appellant had not been convicted of capital murder, as he correctly claimed. However, the judgment showed that appellant was convicted of aggravated robbery, and that the punishment was indeed seventy-five years' imprisonment. Moreover, the judgment revealed that the aggravated robbery occurred on the same date as the capital murder, according to the arrest records attached to appellant's petition. The cause number that appears on that judgment is also the same cause number that appears on those arrest records.

The trial court set appellant's case for a hearing, but no transcript was made,[2] and the record is unclear as to whether any evidence was taken at that hearing or

---

[1] As a matter of law, the representation that appellant alleges the letter contained could not be true because, at the time of the offense, a capital felony was punishable either by life with the possibility of parole or by death—not by a determinate period of years. *See* Act approved June 19, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3602 (amended 2005) (current version at Tex. Penal Code § 12.31).

[2] Appellant asserted in his docketing statement on appeal that he would not be requesting a reporter's record "for there are no reporter's records in this case."

whether the case was simply decided by submission.[3] What is clear, however, is the basis for the trial court's decision. The recitals in the final judgment state that the trial court considered the pleadings and the evidence and then determined that the substantive requirements for expunction had not been met.

## ANALYSIS

Expunction is a statutory remedy governed by Article 55.01 of the Texas Code of Criminal Procedure. *See Ex parte Scott*, 476 S.W.3d 93, 94–95 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Even though this statute is contained in a criminal code, an expunction proceeding is actually civil in nature. *See Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The petitioner accordingly bears the burden of proving that all statutory requirements have been met. *See Harris Cnty. Dist. Att'ys Office v. Hopson*, 880 S.W.2d 1, 3 (Tex. App.—Houston [14th Dist.] 1994, no writ). Also, because an expunction is a statutory privilege rather than a constitutional or common law right, the statutory requirements are mandatory and exclusive. *See Harris Cnty. Dist. Att'y v. Lacafta*, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.). The trial court has no power to extend equitable relief beyond the clear meaning of the expunction statute. *See Ex parte Reed*, 343 S.W.3d 306, 308 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

In pertinent part, the statute provides the following terms regarding a person's entitlement to expunction:

---

[3] "A trial court may rule on an expunction petition without conducting an oral hearing and without considering live testimony if the court has at its disposal all the information it needs to resolve the issues raised by the petition. Such information may be found, for example, in the pleadings, affidavits, or other evidence in the record." *Sepeda v. State*, No. 14-15-00790-CV, 2016 WL 6561473, at *4 (Tex. App.—Houston [14th Dist.] Nov. 2, 2016, no pet.) (mem. op.) (internal citations omitted).

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if . . .

> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor, provided that:

>> (A) . . . an indictment . . . charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

>>> (i) has not been presented against the person at any time following the arrest . . . or

>>> (ii) if presented at any time following the arrest, was dismissed or quashed . . . .

Tex. Code Crim. Proc. art. 55.01.

The trial court decided that these substantive requirements were not met, and under our standard of review, we must uphold that decision unless the trial court clearly abused its discretion. *See Ex parte Cephus*, 410 S.W.3d 416, 418 (Tex. App.—Houston [14th Dist.] 2013, no pet.). In deciding whether the trial court abused its discretion, we consider whether the trial court's ruling is supported by the evidence. *See Tex. Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 624 (Tex. App.—Austin 2014, pet. denied).

When viewed in the light most favorable to the trial court's decision, the evidence supports an implied finding that appellant is disqualified for an expunction because his conviction for aggravated robbery arose out of the same transaction as his arrest for capital murder. *See* Tex. Code Crim. Proc. art. 55.01(a)(2)(A) (providing that a person is not entitled to an expunction if he was indicted "with the commission of any felony offense arising out of the same transaction for which the

4

person was arrested" and the indictment was neither dismissed nor quashed).[4] Appellant's arrest records show that the capital murder was based on an underlying felony of aggravated robbery. His judgment of conviction shows that the aggravated robbery was committed on the same date as the capital murder. His judgment of conviction also shows that the aggravated robbery was assigned the same cause number as the capital murder.

Based on all of these parallels, the trial court could have reasonably concluded that appellant was arrested for capital murder but indicted with the lesser offense of aggravated robbery.[5] Because the evidence also establishes that appellant was convicted of that offense, the trial court could have reasonably concluded that the indictment for aggravated robbery was neither dismissed nor quashed. Therefore, the trial court could have reasonably decided that appellant did not carry his burden of showing that he was entitled to an expunction. *Cf. Travis Cnty. Dist. Att'y v. M.M.*, 354 S.W.3d 920, 927–28 (Tex. App.—Austin 2011, no pet.) (en banc) (the petitioner was not entitled to expunge her arrest records for DWI where the evidence was undisputed that she was indicted for a felony assault on a public servant that arose during the same criminal transaction and the indictment was not dismissed or quashed).

---

[4] Because this case involves related offenses under subsection (a)(2)(A), our analysis is not affected by the Texas Supreme Court's decision in *T.S.N.* or by our own court's decision in *N.B.J.* *See State v. T.S.N.*, 547 S.W.3d 617, 621 (Tex. 2018) ("Here, a single arrest occurred for multiple unrelated offenses."); *id.* at 623 (applying subsection (a)(1) rather than subsection (a)(2)(A)); *Ex parte N.B.J.*, — S.W.3d —, 2018 WL 2701270, at *4 n.6 (Tex. App.—Houston [14th Dist.] June 5, 2018, no pet.) ("Here, it is undisputed that N.B.J.'s two charges arose out of unrelated criminal conduct."); *id.* at *6 (applying *T.S.N.* to subsection (a)(2)(B) rather than subsection (a)(2)(A)).

[5] The district attorney attached several documents to her appellate brief in an effort to further establish the connection between the aggravated robbery and the capital murder. However, we do not consider the appended documents in our analysis because they do not appear in the official appellate record. *See Pablo Rion y Asociados, S.A. de C.V. v. Dauajare*, 495 S.W.3d 494, 499 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

## CONCLUSION

The trial court's judgment is affirmed.

/s/     Tracy Christopher
Justice

Panel consists of Justices Boyce, Christopher, and Busby.