NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 3 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOCELYN SUSAN BUNDY, an individual, | No. 21-56305 |
| Plaintiff-Appellant, | D.C. No. 2:21−cv−03621−DSF−MAA |
| v. | |
| NIRVANA LLC, a Washington Limited Liability Company; LIVE NATION MERCHANDISE, LLC, a Delaware Limited Liability Company; MERCH TRAFFIC LLC, a Delaware Limited Liability Company; SILVA ARTIST MANAGEMENT, LLC, a California Limited Liability Company, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale Fischer, District Judge, Presiding

Argued and Submitted April 20, 2023
Pasadena, California

Before: WARDLAW and KOH, Circuit Judges, and McMAHON,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Colleen McMahon, United States District Judge for the Southern District of New York, sitting by designation.

Jocelyn Susan Bundy brought this copyright infringement action against Nirvana LLC, Live National Merchandise LLC, Merch Traffic LLC, and Silva Artist Management LLC (collectively, Defendants) for unlicensed use of her grandfather C.W. Scott-Giles's drawing of "Upper Hell" from Dante Alighieri's *The Divine Comedy* (the "Illustration"). Bundy appeals the district court's dismissal of her case for forum non conveniens, contending that the United Kingdom is an inadequate forum and that the remaining forum non conveniens factors favor suit in the United States.

We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the district court's dismissal based on forum non conveniens, *see Lewis v. Liberty Mut. Ins. Co.*, 953 F.3d 1160, 1163–64 (9th Cir. 2020), and its denial of a motion for reconsideration, *see Zamani v. Carnes*, 491 F.3d 990, 994 (9th Cir. 2007). We affirm.

The district court did not abuse its discretion in dismissing this case for forum non conveniens and denying the related motion for reconsideration. In reviewing a dismissal for forum non conveniens, we examine: (1) the adequacy of the alternate forum; (2) the deference owed a plaintiff's chosen forum; and (3) whether the balance of private and public interest factors favors dismissal. *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011).

2

1. The district court properly determined that the United Kingdom provides an adequate alternative forum. "An alternative forum is deemed adequate if: (1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy." *Id.* at 1225. Here, Defendants are amenable to process in the United Kingdom because they accepted, as a condition for the district court's dismissal, that they must submit to personal jurisdiction in the United Kingdom for all of Bundy's claims. *See id.* Further, the district court correctly concluded that *Lucasfilm Ltd. v. Ainsworth* [2011] UKSC 39 does not preclude the United Kingdom from exercising jurisdiction over Bundy's U.S. copyright claims. *Lucasfilm* holds that the United Kingdom's jurisdiction is limited over foreign property disputes only where proceedings are "principally concerned" with the "question of title" or "the right to possession" of a foreign property right. *Id.* [105]; *see also id.* [101] (describing the "very narrow" question on appeal). The main thrust of *Lucasfilm* is to expand the United Kingdom's jurisdiction over copyright infringement suits, rather than restrict it. *See id.*

Bundy contends that the principal issue in this case is indeed the validity of her U.S. copyright interest, thus precluding U.K. jurisdiction under *Lucasfilm*. However, the district court correctly concluded that the validity issue here is probably secondary, as the face of Bundy's complaint suggests that she does not have an enforceable U.S. copyright interest. And Bundy fails to allege how U.S.

copyright law would protect the Illustration as a "foreign work." She has not demonstrated that the United Kingdom was a "treaty party" to the United States when the Illustration was published in 1949, which is required for a foreign work to be enforceable under U.S. law. 17 U.S.C. § 104(b)(1); *see also* 1 M. Nimmer & D. Nimmer, Nimmer on Copyright § 5.07 (2022).[1] Her allegations that the Illustration did not enter the public domain in the United States do not alter this statutory requirement.

By contrast, whether the Illustration has copyright protection under U.K. law remains a threshold legal question to be addressed by the U.K. courts. The district court need not have accepted as true Bundy's legal conclusion in her complaint that she is the sole owner of the Illustration. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021). And even though two witnesses have provided declarations disclaiming ownership of a U.K. copyright interest in the Illustration, Bundy has yet to present affirmative evidence proving sole ownership or ownership at all. Given that Bundy's evidence does not conclusively resolve the ownership issue, and that Defendants plan to continue to challenge Bundy's ownership going forward, ownership of a U.K. copyright interest in the Illustration

---

[1] In her briefing, Bundy cites to the Berne Convention as the international treaty that supports U.S. copyright protection for her U.K. work. However, the United States did not join the Berne Convention until 1989. *See* 1 Nimmer on Copyright § 5.07; 9 M. Nimmer & D. Nimmer, Nimmer on Copyright app. 20 (collecting all international copyright treaties with the United States).

4

persists as a threshold issue in this case.  As a result, *Lucasfilm* does not bar U.K.

jurisdiction, and the district court properly determined that the United Kingdom

serves as an adequate forum.

2.     Nor did the district court abuse its discretion in concluding that

Bundy's forum choice is afforded "less deference" because she is a foreign

plaintiff.  *Creative Tech., Ltd. v. Aztech Sys. Pte, Ltd.*, 61 F.3d 696, 703 (9th Cir.

1995) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)).  Although

Defendants are headquartered in the United States, *see Carijano*, 643 F.3d at 1229,

this connection to the United States alone does not warrant increased deference.

*See Ravelo Monegro v. Rosa*, 211 F.3d 509, 513–14 (9th Cir. 2000).

3.     With lessened deference to Bundy's choice of forum, the district court

did not abuse its discretion in concluding that the public and private interest factors

weigh in favor of dismissal.  *See Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1145

(9th Cir. 2001).  A number of public interest factors weigh in Defendants' favor,

including the need to apply U.K. and German law, *see Leetsch v. Freedman*, 260

F.3d 1100, 1105 (9th Cir. 2001), the unwarranted potential burden on U.S. courts,

*see Lueck*, 236 F.3d at 1147, and the fact that a trial in the United Kingdom would

be "speedier" than one in the Central District, *Gates Learjet Corp. v. Jenson*, 743

F.2d 1325, 1337 (9th Cir. 1984).  While Bundy is correct that our circuit is split on

the appropriate way to apply the local interest factor, *see Carijano*, 643 F.3d at

1233 n.3, we need not decide that issue because the remaining factors either favor dismissal or are neutral even if the local interest factor were to weigh in Bundy's favor.

Among the private interest factors, the residence and convenience of the parties and witnesses, access to evidence, and enforceability of judgment also favor dismissal. *See Lueck*, 236 F.3d at 1145. Material evidence and witnesses related to ownership are in the United Kingdom, and ownership is a critical threshold issue that a U.K. court is more equipped to resolve. Moreover, it is possible for Bundy to enforce a U.K. judgment in the United States. *See* Cal. Code Civ. P. §§ 1715(a), 1716(a)–(d), 1723; *Carijano*, 643 F.3d at 1231–32; *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1213–15 (9th Cir. 2006). And to the extent Bundy may face difficulty collecting evidence from the United States, *see Lueck*, 236 F.3d at 1145, the district court conditioned dismissal on the Defendants' agreement to use the discovery procedures set forth in the Federal Rules of Civil Procedure and to voluntarily produce documents and witnesses under their control in the United States for use in the U.K. suit.

"In cases concerning foreign plaintiffs, this court rarely has reversed a district court's grant of a motion to dismiss for *forum non conveniens*." *Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 694 (9th Cir. 2009). With the "highly deferential" standard of review in mind, *id.*, we hold that the district court did not

6

abuse its discretion in dismissing this case for forum non conveniens and denying

Bundy's motion for reconsideration.[2]

      **AFFIRMED.**

---

[2] Because we affirm the district court's decision, we do not reach the question of whether this case should be reassigned upon remand.